IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-75,642






EX PARTE ANDREW GOSSETT, Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS


FROM CAUSE NUMBER F-99-22771-CW

IN THE 363RD JUDICIAL DISTRICT COURT OF DALLAS COUNTY




 Per curiam.

O P I N I O N





 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of the felony offense
of aggravated sexual assault, and punishment was assessed at fifty years' imprisonment. The Court
of Appeals affirmed conviction. Gossett v. State, No. 13-00-166-CR (Tex. App. - Corpus Christi,
April 12, 2001, pet. ref'd).

 Applicant contends that he is actually innocent of the offense, and that he has evidence of his
innocence that was not available at the time of his trial. See Ex parte Elizondo, 947 S.W.2d 202, 205
(Tex. Crim. App. 1996). After doing an analysis under Ex parte Elizondo, the convicting court
recommended granting relief. We filed and set the case to determine whether the Applicant is
entitled to relief on his actual innocence claim. We conclude that he is.

 On January 4, 2007, the trial court entered findings pursuant to Chapter 64 of the Texas Code
of Criminal Procedure, indicating that Applicant was excluded as a possible contributor to the male
DNA found in biological samples taken from the victim. The court further found that it was
reasonably probable that Applicant would not have been convicted, had the results been available
during trial.

 In this writ, Applicant raises his claim of actual innocence based on newly discovered
evidence. The trial court finds, and the State concedes, that Applicant has shown by clear and
convincing evidence that no reasonable juror would convict him in light of newly available evidence
of actual innocence presented in the Chapter 64 proceedings. We agree that Applicant has shown,
based on the newly discovered evidence and the entire record before the Court, no rational trier of
fact could find proof of guilt beyond a reasonable doubt. Therefore, Applicant is entitled to a new
trial.

 Habeas corpus relief is granted. The judgment and sentence in cause number F-99-22771-CW from the 363rd Judicial District Court of Dallas County is vacated, and Applicant is ordered
remanded to the custody of the Sheriff of Dallas County so that he may answer the charges against
him.

DELIVERED: March 21, 2007

DO NOT PUBLISH